UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK
**OCT 19, 2006**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

October 19, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Forman, Holt & Eliades, LLC
Harry M. Gutfleish, Esq.
Kimberly J. Wachs, Esq.
218 Route Seventeen North
Rochelle Park, New Jersey 07662
***Counsel for Charles M. Forman, Chapter 7 Trustee***

Edwards Angell Palmer & Dodge, LLP
Eric Tunis, Esq.
Mark D. Debrowski, Esq.
51 John F. Kennedy Parkway
Short Hills, New Jersey 07078
***Counsel for Defendants Neil Auricchio, Lisa***
***Auricchio, and Cornerstone Realty Agency, LLC***

Re:   ***Charles M. Forman, as the Chapter 7 Trustee for***
***NJ Affordable Homes Corp. v. Cornerstone Realty Agency, LLC, et al.***
**Adv. No.: 06-02123 (DHS)**

Page 2
October 19, 2006

Dear Counsel:

On or about September 12, 2006, Cornerstone Realty Agency, LLC, Neil Auricchio, and Lisa Auricchio (hereinafter "Defendants" or "Movants") filed a motion to dismiss the instant adversary proceeding, commenced in the In re NJ Affordable Homes (hereinafter "NJAH") global Chapter 7 bankruptcy case. Defendants argue that the Adversary Complaint alleges fraud based claims and the Trustee has failed to meet the heightened pleading requirement for such claims as required by Federal Rule of Civil Procedure 9(b). Specifically, Defendants contend that the Trustee details the fraudulent actions of NJAH and its principal, Wayne Puff, but sets forth general allegations of fraud against the Defendants on information and belief alone. In addition, it is alleged that the Trustee fails to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), in Count Seven (7) alleging unjust enrichment, due to his failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

The pleading requirements are well known. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b). "A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. . . ." FED. R. CIV. P. 8.

"Pleadings alleging fraud usually may not be based on information and belief." 2 DANIEL R. COQUILLETTE ET AL., MOORE'S FEDERAL PRACTICE, § 9.03[1][g] at 9-24.1 (3d ed. 2004) (hereinafter "MOORE'S FEDERAL PRACTICE"). However, pleading fraud on information and belief alone is acceptable if the specific fraudulent actions are inaccessible to the pleader. *Id.* n.29 (citing *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 319-20 (3d Cir. 1997) (when factual information was within the defendants' knowledge or control, plaintiffs met the pleading requirements for fraud by alleging the same as well as detailing their efforts to obtain the information)).

However, bankruptcy courts have afforded greater liberality in adversary complaints brought by trustees, because a trustee pleads under a great disability due to his role as a "third party outsider to the fraudulent transaction, that must plead fraud on second-hand knowledge for the benefit of the estate and all of its creditors." *Birnberg v. Rancho La Costa, Inc., et al.* (*In re Reach McClinton & Co., Inc.*), 62 B.R. 978, *981 (Bankr. D.N.J. 1986) (citation omitted); *see Pardo v. Avanti Corp. Health Sys., Inc.* (*In re APF Co.*), 274 B.R. 634, 638 (Bankr. D. Del. 2001) (citing *In re Reach McClinton & Co., Inc.*, 62 B.R. at *981).

> The general rule that the pleading of facts sufficient to provide notice as required by Rule 8 of the Federal Rules takes precedence in Bankruptcy and the rules of pleading fraud are applied with more emphasis on Rule 8 than Rule 9 has been recognized.

*In re Reach McClinton & Co., Inc.*, 62 B.R. at *982 (citing *In re Germain,* 144 F. Supp. 678 (S.D. Cal. 1956)).

> Where a plaintiff is suing in a representative capacity, *no access or limited access to facts particularly within the knowledge of the defendants require that the plaintiff be permitted discovery*. The protection against abuse exists by the very nature of the plaintiffs capacity and position. Thus, any balance which is struck between Bankr. R. 7009 and Bankr. R. 7008 must be weighed strongly in favor of liberality in pleading and in elimination of the formalism required by the former considerations of Code pleading. *See Trussell v. United Underwriters, Ltd.*, 228 F. Supp. 757, 774 (D. Colo. 1964). *The pleading [need only set] forth notice of the circumstances surrounding the alleged transaction [that] are sufficient to satisfy the requirements of [Federal Rule of Bankruptcy Procedure] 7008.*

*Id.* at *982-83 (emphasis added).

Federal Rule of Bankruptcy Procedure 7008 makes Federal Rule of Civil Procedure 8 applicable in the context of adversary proceedings in bankruptcy cases. Thus, a trustee must only meet the notice pleading requirements of Federal Rule of Civil Procedure 8 and need not detail facts upon which the claim is based. 2 MOORE'S FEDERAL PRACTICE, § 8.04[1] at 8-21 through 8-22. This application is sometimes referred to as the relaxed Rule 9(b) standard in case law. *See Levitt v. Riddell Sports, Inc., et al.* (*In re MacGregor Sporting Goods, Inc.*), 199 B.R. 502, 514-15 (Bankr. D.N.J. 1995); *OHC Liquidation Trust v. Nucor Corp.* (*In re Oakwood Homes Corp.*), 325 B.R. 696, 698 (D. Del. 2005).

On a motion to dismiss, "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks, et al. v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted). A federal court reviewing the sufficiency of a complaint on a motion to dismiss has a limited role. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his [or her] claims." *Syncsort, Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 325 (D.N.J. 1999) (citations omitted).

Movants claim that the failure to identify their specific improper acts constitutes a failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and describe the Trustee's actions as mere "dragnet tactics." The Trustee responds that the lack of specific facts is caused, in part, by Neil Auricchio's assertions of his Fifth Amendment privilege not to incriminate himself in a deposition dated

Page 4
October 19, 2006

November 10, 2005, taken in the civil action entitled *SEC v. NJ Affordable Homes Corp., et al.*, Case No. 05CV-4403 (S.D.N.Y.). The Trustee attaches the entire one-hundred-and-fifty-nine-page (159) transcript of that deposition, which contains Neil Auricchio's response of "I claim the Fifth Amendment due to self-incrimination. . . ." on almost every page and up to six times on a single page. This response was made to questions that specifically included: whether Cornerstone ever received money from NJAH, whether NJAH funded Cornerstone's employee salaries, and the extent of Neil Auricchio's personal involvement in the solicitation of investors on behalf of NJAH.

In addition, at oral argument on October 17, 2006, Trustee's counsel stated that multiple deposition subpoenas were served on the Defendants prior to the filing of the Adversary Complaint, pursuant to Federal Rule of Bankruptcy Procedure 2004. Trustee's counsel then added, and was not contradicted, that Defendants had not responded to these requests. "[A] person may not seek affirmative relief in a civil action and then invoke the Fifth Amendment to avoid giving discovery, using the Fifth Amendment as both a 'sword and a shield.'" *O'Halloran v. Williams, et al.* (*In re Keller Fin. Servs. of Fla., Inc.*), 259 B.R. 391, 407 (Bankr. M.D. Fla. 2000) (citation omitted). "[R]eliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits." *SEC v. Graystone Nash, Inc., et al.* 25 F.3d 187, 190 (3d Cir. 1994) (citing *Baxter, et al. v. Palmigiano*, 425 U.S. 308, 318 (1976)).

The instant Adversary Complaint[1] contains approximately one hundred and twenty (120) paragraphs of facts, detailing the global Ponzi scheme at issue and its implosion, as well as the actions of NJAH and its principal, Wayne Puff. The twenty nine (29) paragraphs referring to the Defendants on this motion to dismiss consist of allegations of wrongdoing. These paragraphs are intermittent; they are placed in the Complaint following certain facts applicable to the Movants and reference their actions as to those facts.

Therefore, the Movants cannot claim that they are not on notice of the purported actions they took in concert with NJAH and Wayne Puff. In addition, the Court may take a negative inference from Neil Auricchio's assertion of his Fifth Amendment privilege in connection with facts relevant to the claims made in the instant Adversary Complaint and the Defendants' unresponsiveness to the Rule 2004 deposition subpoenas served upon them. Since, on a motion to dismiss, the Court must assume the facts as set forth and alleged

---

[1] The Counts of the Adversary Complaint are summarized as follows: (i) Count One, as against Cornerstone and Neil Auricchio, on claims of fraud via extension, substantive consolidation and alter ego; (ii) Count Two, as against all named defendants, for intentional fraudulent transfers under the Bankruptcy Code; (iii) Count Three, as against all named defendants, for intentional fraudulent transfers under New Jersey state law; (iv) Count Four, as against all named defendants, for constructive fraudulent transfers under the Bankruptcy Code; (v) Count Five, as against all named defendants, for constructive fraudulent transfers under New Jersey state law, (vi) Count Six, as against all named defendants, for preferential transfers, (vii) Count Seven, as against all named defendants, for unjust enrichment; (viii) Count Eight, as against Cornerstone and Neil Auricchio, on claims of deepening the insolvency of the Debtor, and (ix) Count Nine, as against all named defendants, for an accounting.

y

Page 5
October 19, 2006

in the Complaint, the Trustee has met the pleading requirements pursuant to the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this Court by Federal Rule of Bankruptcy Procedure 7012, "a plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted if a defendant demonstrates 'beyond a doubt that [the] plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" *Griesenbeck v. Am. Tobacco Co.*, 897 F. Supp. 815, 819 (D.N.J. 1995) (quoting *Conley, et al. v. Gibson, et al.*, 355 U.S. 41, 45-46 (1957) (other citations omitted)). "In order to grant a 12(b)(6) motion to dismiss, the court must find that [the plaintiff] will be unable to prevail even if [he or she proves] all of the allegations in the complaint, basing its decision solely on the legal sufficiency of the complaint." *Poling v. K. Hovnanian Enters.*, *et al.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000) (internal citation omitted); *see Syncsort, Inc.*, 50 F. Supp. 2d at 325.

Defendants state that "Count 7 of the Complaint (unjust enrichment) alleges, once again, in purely conclusory fashion, that 'the Defendants collectively received in excess of $7 million from their relationship from debtor. If the Defendants were permitted to retain those funds, they would be unjustly enriched.'" *Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint*, p. 8 (citation omitted). Specifically, "[t]he [Trustee] does not allege what benefit Defendants received beyond their contractual rights, as the Complaint does not endeavor to outline what Defendants' (or any other party's) contractual rights were, or any detail whatsoever as to what agreement those purported rights are based on." *Id.* at 9.

In Count 7, the Trustee incorporates all prior factual and legal allegations made previously in the Adversary Complaint, which this Court has already held sufficient to meet the pleading standard. On a motion to dismiss, a court must assume the truth of the allegations as set forth in the complaint. Here the Trustee has set forth an alleged partnership or conspiracy between Neil Auricchio and Wayne Puff to defraud prospective real estate investors. This was purportedly done via solicitation of potential investors by Cornerstone, which was under the control of Wayne Puff at all relevant times. The Trustee further states that Neil Auricchio is a member of Cornerstone. Therefore, any amounts gained fraudulently by Neil Auricchio or Cornerstone may be the subject of an allegation of unjust enrichment. As Lisa Auricchio is the wife of Neil Auricchio, any profit transferred to her may also be the subject of an allegation of unjust enrichment. Accordingly, this Court finds, based on the allegations in the Complaint, that the Defendants' motion to dismiss is denied in its entirety.

Page 6
October 19, 2006

      An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

Very truly yours,

/s/ Donald H. Steckroth

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure